IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT DARREN MOORE, #20004377, ) | |
| Movant, ) | |
| vs. ) | No. 3:20-CV-1547-N |
| ) | No. 3:18-CR–0432-N |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. §2255, To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody*, received on June 8, 2020 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DISMISSED** without prejudice.

**I. BACKGROUND**

Robert Darren Moore (Movant) challenges his federal conviction in Cause No. 3:18-CR-432-N. The respondent is the United States of America (Government).

On December 12, 2018, in the Eastern District of Texas (EDTX), Sherman Division, Movant was charged by indictment with bank robbery in violation of 18 U.S.C. § 2113. (*See* doc. 1-2.)[2] He filed a notice under Fed. R. Crim. P. 20 on September 3, 2019, stating that he wished to plead guilty, and that he consented to transfer the case from the EDTX to this district, in which he was being held on another bank robbery, and to waive trial in the EDTX. (*See* doc. 1.) On that same day, he entered a plea of guilty both in this case and in another bank robbery case pending against him in this district, No. 3:18-CR-592-N. (*See* docs. 2-6.) He was sentenced to 168 months' imprisonment in each case, to run concurrently, by judgment dated January 17, 2020. (*See* doc. 14.) The judgment was amended on February 7, 2020, to update the restitution language. (*See* doc. 16.) On March 12,

---

[1]By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

[2]All document numbers refer to the docket number assigned in the underlying criminal action.

2020, Movant filed a notice of appeal in this case. (*See* doc. 23.) His direct appeal is currently still pending in the Fifth Circuit. *See United States v. Moore*, No. 20-10275 (5th Cir.).

On June 8, 2020, Movant's motion to vacate under § 2255, in which he alleges that his attorneys provided ineffective assistance of counsel, was received. (*See* doc. 28.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). District courts "should not entertain a § 2255 motion during the pendency of a direct appeal because 'the disposition of the appeal may render the motion moot.'" *United States v. Soliz*, No. 3:98-CV-3058-P, 1999 WL 420614, *1 (N.D. Tex. June 22, 1999). Because Movant's appeal remains pending before the Fifth Circuit, this Court should not entertain his motion to vacate and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without prejudice to re-filing once his conviction becomes final. *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (a federal prisoner's conviction is final for purposes of limitations either when the Supreme Court denies a petition for certiorari or, if a petition for certiorari is not filed, when the time for filing a petition

2

expires).

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED WITHOUT PREJUDICE** to re-filing once Movant's conviction becomes final.

**SO RECOMMENDED** on this 15th day of June, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE